IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MORRIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 08 cv - 4102 |
| vs. ) | |
| ) | Judge Conlon |
| CHICAGO POLICE OFFICERS ) | |
| BRENDAN CORCORAN, STAR NO. 8261,) | Magistrate Judge Scheniker |
| SCOTT LECK, STAR NO. 2752, ) | |
| TIMOTHY FARY, STAR NO. 3268, ) | |
| and MICHAEL BAKER, STAR NO.13052 ) | |
| individually and as employee/agents of the ) | |
| CITY of CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COMES, the Plaintiff, ANTHONY MORRIS, (hereinafter refereed to as "MORRIS"), by and through his attorney, JEFFREY J. NESLUND, and in complaining of the Defendants, CHICAGO POLICE OFFICERS BRENDAN CORCORAN, STAR NO. 8261,SCOTT LECK, STAR NO. 2752, TIMOTHY FARY, STAR NO. 3268, and MICHAEL BAKER, STAR NO.13052, states as follows:

**INTRODUCTION**

1.   This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2.      Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois. The Plaintiff, MORRIS, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

3.      The DEFENDANT OFFICERS, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials. The conduct described in this Complaint was undertaken by the DEFENDANT OFFICERS under the color of law and within the scope of their employment such that their employer, the City of Chicago, is liable for their actions

## FACTUAL SUMMARY

4.      On July 20, 2007, the Plaintiff parked a vehicle in a legal parking spot in a parking lot located at 865 N. Sedgwick, Chicago, Illinois.

5.      Some or all of the DEFENDANT OFFICERS detained, handcuffed and searched the Plaintiff as well as Milton Knight, the passenger from Plaintiff's car. The Defendant Officers also searched the Plaintiff's car without legal justification.

6.      The DEFENDANT OFFICERS arrested the Plaintiff, notwithstanding the fact the Plaintiff had not committed any act contrary to the laws of Illinois and the DEFENDANT OFFICERS had not witnessed the Plaintiff commit an illelgal act of any sort.

7.      The DEFENDANT OFFICERS conspired to make false statements and reports regarding the actions of the Plaintiff in order to receive approval for felony charges from the Cook County State's Attorney's Office.

2

8. The DEFENDANT OFFICERS made false statements in sworn police reports and DEFENDANTS LECK and CORCORAN committed perjury in the criminal proceedings against the Plaintiff in order to justify the DEFENDANT OFFICERS illegal detention, search and arrest of the Plaintiff.

9. On February 20, 2008, all criminal charges against the Plaintiff were dismissed by the Cook County State's Attorney's Office in a manner indicative of the Plaintiff's innocence.

10. The Plaintiff remained incarcerated in the Cook County Department of Corrections from July 20, 2007 until February 20, 2008 as a result of the illegal activity of the DEFENDANT OFFICERS described above.

11. On July 20, 2007, the DEFENDANT OFFICERS were members of the Chicago Police Department's Special Operations Section (S.O.S.), which was dissolved as a result of corruption and illegal acts by officers similar, if not identical, to the misconduct described above.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

12. Plaintiff re-alleges and incorporates paragraphs 1-11 as fully stated herein.

13. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

14. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

15. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### State Law Claim: False Imprisonment

16. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

17. Plaintiff was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite DEFENDANT OFFICERS' knowledge that there was no probable cause for doing so.

18. DEFENDANT OFFICERS' action set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

19. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

20. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT III
### State Law Claim: Malicious Prosecution

21. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

22. Plaintiff was improperly subjected to judicial proceedings for which there was no

probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

23. DEFENDANT OFFICERS accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

24. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

25. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

26. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

27. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT IV

### § 1983 Conspiracy Claim

28. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

29. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

### COUNT V
### § 1983 Unlawful Search and Seizure of Property

30. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

31. The DEFENDANT OFFICERS searched, seized and/or destroyed the Plaintiff's property without justification.

32. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the Fourth Amendment of the United States Constitution.

### COUNT VI– State Law Claim: Intentional Infliction of Emotional Distress

33. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

34. The DEFENDANT OFFICERS' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

35. As a direct and proximate cause of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

### COUNT VII

### State Law claim: Indemnification

36. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

37. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

38. DEFENDANT OFFICERS are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

39. Plaintiff, ANTHONY MORRIS, respectfully requests that the Court:

   a. Enter judgment in his favor and against the DEFENDANT OFFICERS;

   b. Award compensatory damages against the DEFENDANT OFFICERS;

   c. Award attorneys' fees against the DEFENDANT OFFICERS;

   d. Award punitive damages against against the DEFENDANT OFFICERS

   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, ANTHONY MORRIS, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

s:/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Law Offices of Jeffrey J. Neslund
150 North Wacker Drive
Suite 2460
Chicago, Illinois 60606
(312) 223-1100

8